**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KENTES WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-0983-SMY |
| | ) | |
| UNKNOWN PARTY, and | ) | |
| KENT BROOKMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kentes West is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 2 at 1.) Proceeding *pro se*, West previously filed a Complaint under 42 U.S.C. § 1983, alleging that separate groups of officials violated his constitutional rights in various ways during his time at Menard. (*Id.* at 13-14.) West's original Complaint was severed into nine cases, including the above-captioned case. (Doc. 1 at 10.) The instant case concerns whether several unknown parties violated West's constitutional rights by inciting inmates to attack him on July 20, 2015 and whether Defendant Brookman violated West's constitutional rights by imposing disciplinary segregation on him as punishment for West's decision to fight back on July 20, 2015. (*Id.* at 7.) West seeks money damages. (Doc. 2 at 38.)

This matter is now before the Court for a review of West's Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

## Background

Although West's Complaint is thirty-nine pages in length, the narrative of it concerning this severed case is only two pages long. (Doc. 2 at 28-29.) In those pages, West alleges that he visited the prison yard on July 20, 2015 and was attacked by two inmates whom he did not know. (*Id.* at 28.) West was initially under the impression that another inmate sent the duo to attack him, but he claims that he has now discovered that "staff" was the cause for the last attack. (*Id.* at 28-29.) West goes on to allege that unspecified "staff" wrote a false ticket against him for West's decision to defend himself during the attack and that Lieutenant Brookman, the chairperson who adjudicated the disciplinary ticket and meted out punishment, rejected West's arguments in mitigation and improperly disciplined him with six months in segregation. (*Id.*)

West filed ninety pages of exhibits with his Complaint. While some of those exhibits might be relevant, the Court is unable to easily assess that question, as West has not included any narrative detail about those exhibits in the statement of claims section of his Complaint.

## Discussion

Turning to the substantive allegations in West's Complaint, the Court finds it proper to divide the claims in the Complaint into the following counts. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court.

**COUNT 1:** Unspecified officials at Menard prompted inmates to attack West on July 20, 2015, and did so in retaliation for West's past behavior, in violation of his First and Eighth Amendment rights.

**COUNT 2:** Unspecified officials at Menard filed a false ticket against West after the fight on July 20, 2015, in violation of West's constitutional rights.

**COUNT 3:**    Brookman improperly prosecuted the disciplinary ticket against West, in violation of West's constitutional rights.

The Court will conduct a preliminary review of each of these counts in turn.

### Count 1

West's allegations against the unspecified staff members at Menard seem to concern harassment and retaliation related to the fight that occurred on July 20, 2015.  A prisoner can state a claim for verbal harassment in violation of the Eighth Amendment if he alleges that a defendant was personally involved in more extreme instances of harassment, especially harassment that constitutes a grave threat to a prisoner's life or that could subject a prisoner to harm by other inmates.  *E.g.*, *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *Dobbey v. Illinois Dep't of Corrections*, 574 F.3d 443, 445 (7th Cir. 2009).  A prisoner can state a retaliation claim if he alleges that he engaged in conduct protected by the First Amendment, that he suffered a deprivation at the hands of a defendant that would likely deter future First Amendment activity, and that the prisoner's protected conduct motivated the retaliatory acts.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

West's severed Complaint does not adequately state a claim against the unspecified staff members for incitement or retaliation.  The Complaint's biggest flaw is that it does not clearly indicate who was responsible for the incitement or the purported retaliatory acts:  the Complaint repeatedly refers to the acts of "staff," without stating the names of the individuals, what actions those specific individuals took to incite prisoners or retaliate against West, and what protected conduct West engaged in that motivated those individuals.

§ 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a

constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). West can satisfy the personal involvement requirement by using John Doe placeholders if he does not know the names of the individuals who acted against him, but he must name an individual and then lay out what that particular individual's role was in the constitutional deprivation to state a claim.  If more than one individual was involved in the deprivation, West should state what each individual did to violate his rights, either by naming the individual and describing his role or by stating that John Doe 1 engaged in a certain type of improper action and that John Doe 2 engaged in another type of improper action.  Because West has not included enough information in the Complaint to discern which individuals were involved in retaliation and incitement on July 20, 2015, Count 1 must be dismissed without prejudice from this severed action.

### Count 2

West goes on to allege that unspecified staff wrote a false ticket against him, which inaccurately depicted West's role in the July 20, 2015 dispute.  To the extent West is attempting to raise a retaliation claim concerning "staff's" conduct, he again fails to state a claim for the previously stated reasons. West does not set forth, in any clear detail, who was involved in drafting the ticket, nor does he allege that the writer or writers were motivated by West's previous protected conduct.  In the prison contest, it is not enough for a prisoner to simply state the word "retaliation"—the inmate must identify the suspected reasons for retaliatory conduct, as well as specify the defendant whose "act or acts" constituted retaliation, so as to put those named as defendants on notice of the retaliation claims against them.  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  To the extent West seeks to bring a retaliation claim concerning the acts of unspecified staff in issuing a false ticket, Count 2 must be dismissed without prejudice.

West might also be attempting to assert a due process claim in connection with the false ticket, but that claim is subject to dismissal for two reasons.  First, West has not identified, by John Doe designation or by name, who was involved in the false ticket actions, meaning that he has not alleged the personal involvement necessary to state a claim under § 1983.  More fundamentally, the mere filing of a false ticket does not violate a prisoner's due process rights.

To state a due process claim in connection with prison discipline, a prisoner must allege that his ultimate punishment triggered Fourteenth Amendment due process protections, and that he was not provided with those protections—namely "advance written notice of a violation, [a] written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safety," the right to an "impartial decisionmaking body," and the right to a decision supported by some evidence.  *See Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (no due process claim for false or arbitrary ticket if due process protections were provided at a hearing).  Even if the Court were to assume that West's punishment triggered due process protections, he has not alleged that he was deprived of any of those protections.  Accordingly,Count 2 must be dismissed without prejudice.

### Count 3

West's final cause of action concerns Lieutenant Brookman, who he claims violated his rights in an unspecified fashion by imposing punishment for West's role in the July 20, 2015 altercation.  West may be attempting to assert a claim against Lieutenant Brookman for retaliation, but he does not allege that Brookman took any action against him in response to West's prior protected conduct, so any retaliation claim must fail.  West might also be attempting to assert that Lieutenant Brookman violated his due process rights in connection with the disciplinary hearing, but even if West was entitled to due process protections given the

punishment that Brookman meted out, West has not alleged that Brookman deprived West of any of the due process protections that might be required in the prison disciplinary context.  Thus, any due process claim fails as well.  Given both of these defects, West's claims against Brookman must be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, West's Complaint (Doc. 2) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before January 3, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions.  Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-0983-SMY.  The First Amended Complaint should name as defendants the prison officials who were involved with the July 20, 2015 attack and with the subsequent disciplinary decision, either by name or by John Doe designation.  The narrative of the First Amended Complaint should specify what each named official or each John Doe placeholder did to violate West's rights as to the July 20, 2015 event. If more than one unknown official was involved, West should name multiple John Doe placeholders as defendants in the caption (John Doe 1, John Doe 2, and so on) and then identify what each individual Doe did to harm him.  For instance, if one unknown official incited the attack and another unknown official drafted the false ticket, West should name as defendants John Doe 1 and John Doe 2, and then state in the narrative what John Doe 1 did to incite the July 20th altercation and what John Doe 2 did in connection with the disciplinary ticket.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2016**

<u>s/STACI M. YANDLE</u>
**STACI M. YANDLE**
**United States District Judge**