IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENTES WEST,**
**#K-82893,**

              **Plaintiff,**

vs.                                                                 Case No. 16-cv-00983-SMY

**UNKNOWN PARTY**
**KENT E. BROOKMAN,**

              **Defendants.**

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On August 29, 2016, this case was severed from another civil rights action Plaintiff Kentes West filed pursuant to 42 U.S.C. § 1983 against thirty-one defendants who allegedly violated his constitutional rights at Menard Correctional Center ("Menard") in 2015 and 2016. *See West v. Butler, et al.*, No. 16-cv-414-SMY (S.D. Ill. 2016) ("original case"). In the instant case, Plaintiff asserts an Eighth Amendment claim against unidentified parties ("Unknown Defendants") who incited other inmates to attack Plaintiff in the yard on July 20, 2015, and against Defendant Kent E. Brookman ("Brookman") for imposing disciplinary segregation on Plaintiff as punishment for fighting back during the attack ("Count 7," original case). (Doc. 2, pp. 28-29). In connection with this claim, Plaintiff requests monetary relief (*id.*).

Plaintiff's claim in the instant case did not survive preliminary review under 28 U.S.C. § 1915A, and this Court dismissed it without prejudice on December 5, 2016. (Doc. 6). However, Plaintiff was granted leave to file a First Amended Complaint on or before January 3, 2017, if he wished to re-plead his claims against the Unknown Defendants and Brookman (*id.*). Plaintiff

was warned that failure to file a First Amended Complaint would result in dismissal of the action and the assessment of a strike (*id*.).

On December 12, 2016, Plaintiff filed a Motion to Voluntarily Dismiss this action (Doc. 7). He did not file a First Amended Complaint and, in fact, expressed his intention not to do so. Seeking voluntary dismissal of the action at this early stage is Plaintiff's right. *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Accordingly, Plaintiff's Motion to Voluntarily Dismiss this case is **GRANTED**. The action is hereby **DISMISSED without prejudice**. The Court will not assess a strike. However, Plaintiff's obligation to pay the filing fee for the action was incurred at the time the original action was filed, thus the filing fee of $350.00 remains due and payable despite Plaintiff's request for voluntary dismissal. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.).

**IT IS SO ORDERED.**

**DATED: December 21, 2016**

                                                              **s/ STACI M. YANDLE**
                                                              **STACI M. YANDLE**
                                                              **United States District Judge**